**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Drennen, | No. CV-04-0802-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sentinel Real Estate Corporation, et al., | |
| Defendants. | |

Defendants Sentinel Real Estate, et al., seek summary judgment on Plaintiff's only remaining claim, Count IV, alleging intentional violation of the Fair Labor Standards Act by refusal to pay overtime. Doc. #31. The Court previously dismissed Counts I, II, and III of Plaintiff's complaint as untimely. Doc. #14. For the reasons stated below, Defendant's motion for summary judgment will be granted.

## Background

On June 14, 2005, Defendants served on Plaintiff a set of Requests for Admissions under Rule 36 of the Federal Rules of Civil Procedure. Doc. # 32, Ex. 1. Rule 36(a) required Plaintiff to respond by July 17, 2005. Plaintiff did not respond. On July 29, 2005, defense counsel wrote to Plaintiff's counsel and noted that Plaintiff had not responded to discovery, including the Requests for Admissions. Doc. #39, Ex. C. Plaintiff still did not respond. *Id.* at 2. On August 18, 2005, defense counsel wrote again, noting that Plaintiff's counsel had not responded to several letters and had not provided a disclosure statement. *Id.*, Ex. D. Plaintiff did not respond to the Requests for Admission until September 28, 2005.

Doc. #38.

Defendants move for summary judgment on the ground that Plaintiff's failure to respond to the Requests for Admissions within the rule-specified time period constitutes an automatic admission of the requests under Rule 36(a). As a result, Defendants contend, Plaintiff has admitted that Defendant paid him for all hours worked, including overtime, and there is no triable issue of fact on Plaintiff's alleged Labor Act violation.

## Discussion

Failure to timely respond to requests for admission results in admission of the matters requested. Fed. R. Civ. P. 36(a); *see O'Campo v. Hardisty*, 262 F.2d 621, 622 (9th Cir. 1958) (granting summary judgment on the basis of implied admissions and pleadings.) No motion to establish the admissions is needed. Rule 36 is self-executing. *Id.*; *Federal Trade Comm'n v. Medicor, LLC.*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). Any matter admitted pursuant to Rule 36 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Rule 36(b) establishes the exclusive remedy for withdrawal or amendment of admissions and provides that a court may do so only "on motion." *Id.*; *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("[t]he proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b)").

Plaintiff did not respond to the Requests for Admission within the time required by Rule 36(a) and thereby admitted the requests under the clear terms of the rule. Plaintiff has not filed a Rule 36(b) motion to withdraw or amend its admissions and provides no explanation for its failure to respond timely. Plaintiff appears to suggest that he did not need to respond because his verified complaint denies the allegations set forth in the requests (Doc. #36 at 4), but he cites no authority for this novel proposition and case law holds that Rule 36 admissions trump conflicting evidence on summary judgment. *See Cook v. Allstate Ins. Co.*, 337 F.Supp.2d 1206, 1214 (C.D. Cal. 2004) (stating that failure to challenge admissions until reply brief or oral argument on appeal is "too late"); *see also Kasuboski*, 834 F.2d at 1350 (stating that "a party cannot attack issues of fact established

in admissions by resisting a motion for summary judgment . . . . Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. This function would be lost if parties were permitted to contest under Rule 56 a matter concluded under Rule 36.")

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). By failing to respond to the Requests for Admissions Plaintiff has admitted that Defendants paid him for all overtime hours at the appropriate statutory rate. There is, therefore, no factual dispute that would support a Fair Labor Standards Act violation and the Court will grant Defendants' motion for summary judgment.

**IT IS SO ORDERED** that Defendants' Motion for Summary Judgement (Doc. #31) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **terminate** this action.

DATED this 9th day of December, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge